**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Tremonti PERRY,
Defendant/Appellant.**

**No. ED 82218.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 18, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 2004.

Gwenda R. Robinson, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Jefferson City, MO, for respondent.

Before GLENN A. NORTON, P.J.,
KATHIANNE KNAUP CRANE, J. and
MARY K. HOFF, J.

PER CURIAM.

Defendant, Tremonti Perry, appeals from the judgment entered by the trial court on a jury verdict finding him guilty of one count of murder in the first degree, in violation of Section 565.020 RSMo (1994), one count of assault in the first degree, in violation of Section 565.050 RSMo (1994), and two counts of armed criminal action, in violation of Section 571.015 RSMo (1994). The trial court found defendant to be a prior offender and a persistent offender and sentenced defendant to life imprisonment without probation or parole on the murder count, and life imprisonment on the first armed criminal action count, to be served concurrently. It also sentenced defendant to thirty years imprisonment on the assault count, and thirty years imprisonment on the second armed criminal action count, to be served concurrently with each other and consecutively to the two terms of life imprisonment.

On appeal, defendant claims that the trial court plainly erred when it found him to be a persistent offender and requests that this finding be removed from the judgment. He also asserts that the trial court erred in 1) refusing to instruct the jury on involuntary manslaughter as a lesser-included offense of murder in the first degree, 2) refusing to instruct the jury on presence at the scene, and 3) restricting his voir dire. The state concedes that the trial court plainly erred in finding defendant to be a persistent offender. We reverse that part of the judgment that finds defendant to be a persistent offender and remand for entry of a corrected judgment. In all other respects, we affirm pursuant to Rule 30.25(b).

The state charged defendant as a persistent felony offender based on a 1994 felony conviction in St. Louis County and a 2001 conviction in the state of Oklahoma. At trial the state offered into evidence certified copies of these convictions, and defendant admitted that he had been so convicted.

A persistent offender is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times. Section 558.016.3 RSMo (1994). Section 558.016.6 RSMo (1994) requires that, in order for a finding of persistent felony offender, "[t]he pleas or findings of guilty shall be *prior* to the date of commission of the present offense." (Emphasis added.) In this case the Oklahoma conviction, on which the persistent offender status was based, was not entered until June 15, 2001, and thus was not *prior* to the commission on February 8, 2000, of the crimes charged in this case.

The trial court plainly erred when it found that defendant was a persistent offender based on the 2001 conviction. Because the 1994 conviction was the only prior offense, defendant was a "prior offender," but not a "persistent offender." Section 558.016.2 RSMo (1994). This point is granted.

With respect to defendant's remaining points, no error of law appears and no jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the reasons for this order.

That part of the judgment finding defendant to be a persistent offender is reversed and the case is remanded to the trial court to correct its judgment by removing the finding that defendant was a "persistent offender" under Section 558.016.3 RSMo (1994). The remainder of the judgment is affirmed in accordance with Rule 30.25(b).